Swing, J.
We are of the opinion that the judgment in this case should be reversed and the case remanded for a new trial on *352 the ground that the finding and the judgment is not sustained by the evidence.
The action by the plaintiffs, Browne & Stewart, was for damages by reason of the breach of a contract. The answer of the defendant was first, a general denial of all allegations hot therein admitted, and, second, allegations to the effect that the contract was made with Browne & Stewart while Browne was acting as a director; that neither Browne & Stewart had paid for the stock then held by them, amounting to $16,600, and that one Bell was a director, holding $8,200 worth of stock which he had not paid for.
There was no allegation in the answer that the contract was made by Browne while acting as a director, and that it was an unfair contract. We think under the decision of our supreme court in the case of Rolling Stock Co. v. Railroad, 34 Ohio St., 450, something more must be shown than the mere fact that a contract was made by a corporation with an individual who was at the time a director of the corporation and who participated as such in the making of the contract, in order to made it invalid. .The unfairness of the contract must be shown in addition. This issue should have been made in the pleadings.
It is claimed in this court by the plaintiffs in error that the contract in question, even though unfair, was ratified by the defendant company by reason of'its having been acted upon by the parties for a period of four months after full knowledge of its terms, but this issue is not raised by the pleadings, and probably could not have been under the pleadings as they now stand.
The judgment seems to have been rendered upon the theory that the contract was an unfair one, and was made by a director of the corporation with himself as an individual.
This issue should have been made, and then the plaintiffs by reply should have pleaded ratification.
We do not deem it out of place to say that it seems to us that there waB nothing unfair in the contract itself. If there was any unfair advantage taken of the company, it arose from the construction placed upon the contract when taken in connection with by-law 8 of the corporation.
The court found that the contract was the usual one made in the trade. And it seems quite clear that if Browne & *353 Stewart had sold be product of the company to those other than members of the corporation, there would be nothing to complain of. The court found that Browne & Stewart sold all of the product of the company during the time the contract was in force.
Province M Pogue (of Pogue & Pogue), C. B. Matthews, and Cleveland & Bowler, for Plaintiffs in Error.
Gorman & Thompson, contra.
It seems to us that this is the vital question in the case. When the stock-holders took the product under by-law 8, were sales made by Browne & Stewart under the contract, or rather were they entitled to commissions on those sales?
As to the question of ratification, we think we bad better not express any opinion. It will be time enough when the issue is properly presented and the evidence adduced.